IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY LEVELT BURNSIDE,

      Plaintiff,

v.                                                 No. 2:22-cv-00587-KG-KRS

MONARCH REAL ESTATE CORPORATION,
ADAM MARRUJO, and
BRADLEY BERGLUND,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This action arises out of Plaintiff's attempt to rent a property through Defendant Monarch Real Estate Corporation ("Monarch"). *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 5, 2022. Defendant Marrujo is Monarch's Property Manager. Defendant Berglund is the owner.

There are very few factual allegations in the Complaint. The only factual allegations regarding Defendant Monarch indicate that Defendant Monarch did not let Plaintiff rent "Unit #1" and Monarch "has no consideration of the emotional inflected mental and physcial viotlation all state and local laws for their own consideration." [sic] Complaint at 1, 3. The only factual allegations regarding Defendant Berglund Plaintiff indicate that Defendant Berglund spoke with Plaintiff regarding the availability of "Unit 1 ... after three or four months" and explained that Plaintiff should put a signed $500 money order in the drop box, the two phone numbers Defendant Berglund had given to Plaintiff "were disconnected," and Defendant Berglund did not respond to a few texts from Plaintiff. Complaint at 2-3. The only factual allegations regarding Defendant Marrujo indicate Defendant Marrujo "informed me their were no unit available and he told me he

never got a money order from me" and "decide to continue to denie me of my civil rights by not allowing me to rent the unit that was available." [sic] Complaint at 1, 3.

Plaintiff asserted claims pursuant to 42 U.S.C. § 1983, the Fair Housing Act, the Americans with Disabilities Act, Title VI of the Civil Rights Act and for discrimination and retaliation. *See* Complaint at 1, 3. The Complaint does not indicate which provisions of the Fair Housing Act and the Americans with Disabilities Act each Defendant allegedly violated. Title VI provides that no person shall "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" because of the person's race, color, or national origin. 42 U.S.C. § 2000d. There are no factual allegations in the Complaint that would support an inference of retaliation or discrimination based on Plaintiff's race, color, or national origin.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

> The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155-56 (10th Cir. 2016) (stating "Section 1983 was enacted to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails"). The allegations indicate Defendants are private individuals. There are no factual allegations showing that Defendants are state actors.
>
> The Complaint fails to state claims pursuant to the Fair Housing Act and the Americans with Disabilities Act because it does not indicate which specific provisions of each Act each Defendant allegedly violated. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what *specific legal right* the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). A complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Doc. 5 at 3, filed August 10, 2022. Judge Sweazea ordered Plaintiff to file an amended complaint.

Plaintiff did not file an amended complaint by the August 31, 2022, deadline. Plaintiff filed 27 pages of documents including:

(i) Two handwritten pages with dates and notes regarding eviction proceedings in state court.

(ii) A page stating "Exhibit A" is a copy of a $500 money order "Stamped for Deposit Only Monarch Real Estate Corp. Property Management Trust Account Account #57086901."

(iii) One handwritten page titled "Color of Law" which references "42 U.S.C. 3601" and states:

A) Fair Housing Law

1/15/21 told get money order for $500.00 as to secure Unit 1 to rent for my brother Willie Burnside & Fiancee LaQuitta Labor then denied unit was available

Subpoena auido/T

Remiday $400.00.

(iv) A "Fair Housing Laws Fact Sheet" which states: "In the New York City region, there are federal, state, and local laws that prohibit discrimination in the rental, sale, insuring, and financing of housing."

(v) An email to Plaintiff stating: "The U.S. Department of Housing and Urban Development (HUD), Office of Fair Housing and Equal Opportunity (FHEO) has received your HUD 903 online housing discrimination complaint form."

(vi) Another "Fair Housing Laws Fact Sheet" with certain remedies highlighted and handwritten markings regarding retaliation, failure to take corrective action regarding complaints about harassment, and "Title VIII."

(vii) "Exhibit B" which refers to a "non-compliance notice," a Wells Fargo bank statement" showing a deposit, and a "Bill pay to Monarch Real Estate Corp."

(viii) "Exhibit C" which refers to Plaintiff's wife getting a money order and Monarch withdrawing money from Plaintiff's bank account causing an overdraft.

3

(viii)   A handwritten page which states:

    Retalation

    A)  May 3, 2021 I filed suit to recover my money order $500.00

    B)  Monarch Real Estate filed suit on me June 3, 2021 for non payment of rent case #00669.

(ix)   Documents from state-court proceedings between Plaintiff and Defendants.

(x)   A copy of a $500 money order.

(xi)   A letter dated September 27, 2021, from Monarch Real Estate Corporation to Plaintiff transmitting "a check for the money order that you purchased."

Doc. 6, filed August 26, 2022.  The Court cannot comb through the documents and make an amended complaint for Plaintiff:

> Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted).  Thus, although we make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall,* 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. *See id.* ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Sixteen days after the deadline for filing an amended complaint, Plaintiff filed a one-page document titled "Amended," which the Clerk's Office filed as an "Amended Complaint." *See* Doc. 8, filed September 16, 2022 (with the attachment "Exhibit B" which contains six pages of text messages); Doc. 9, filed September 16, 2022 (corrected Exhibit B).  The Amended Complaint contains only one paragraph which states:

4

> I Johnny Burnside am asking the Courts to allow me to remove from the Complaint charges that we made by me about the defendant acting under color of state law I said yes as of 09-09-2022 I'm changing that no the Defendant was not acting under color of law both Defendants was not acting color of law 09-09-2022.

[sic] Amended Complaint at 1. Because Plaintiff is proceeding *pro se*, the Court considers Plaintiff's Amended Complaint as incorporating Plaintiff's original Complaint.

Plaintiff's Amended Complaint does not contain factual allegations regarding the elements listed in *Nasious* and quoted by Judge Sweazea to sufficiently state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; allegations that suggest only the "possibility that a defendant has acted unlawfully" are not sufficient); *Bekkem v. Wilkie*, 915 F.3d 1258, 1274-75 (10th Cir. 2019) ("While we do not mandate the pleading of any specific facts in particular, a plaintiff must include enough context and detail to link the allegedly adverse ... action to a discriminatory or retaliatory motive with something besides sheer speculation.").

The Court dismisses this case for failure to state a claim upon which relief can be granted. Judge Sweazea informed Plaintiff that his original Complaint failed to state a claim and notified Plaintiff of the information a complaint must contain to state a claim. Despite Judge Sweazea's notice, Plaintiff's Amended Complaint does not allege sufficient facts describing what each Defendant did to Plaintiff and the specific legal right Plaintiff believes each Defendant violated. Consequently, the Amended Complaint does not give each Defendant fair notice of the claims Plaintiff is asserting.

IT IS ORDERED that this case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE